UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 12-198 |
| ROBERT TAYLOR | SECTION "R" (1) |

## ORDER AND REASONS

Before the Court is defendant Robert Taylor's motion for credit for time served before the imposition of his sentence.[1]  For the following reasons, the Court denies the motion.

## I.     BACKGROUND

On May 9, 2013, defendant Robert Taylor was named in a multicount superseding indictment stemming from a bank robbery in New Orleans.[2] Defendant entered federal custody on June 18, 2013.[3]  Defendant later pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113 and one count of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[4]  On August 6, 2014, the

---

[1]     R. Doc. 608.
[2]     R. Doc. 57.
[3]     *See* R. Doc. 95.
[4]     *See* R. Docs. 277, 321.

Court sentenced Taylor to a total of 170 months imprisonment on both counts, to be served concurrently with any undischarged term of imprisonment in state court.[5]

Taylor now moves for credit for time served in federal custody before the imposition of his sentence.[6]

## II.    DISCUSSION

The Court must construe defendant's motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241 because defendant challenges the duration of his sentence.  *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989) ("A claim for time served prior to the date of a federal sentence . . . must . . . proceed via a petition for habeas corpus under 28 U.S.C. § 2241."). In order to entertain jurisdiction over a Section 2241 habeas petition, the federal district court must have jurisdiction over the petitioner or his custodian when the petition is filed.  *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citing *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978)).  Accordingly, a petitioner must file his habeas petition in the federal district in which he is presently incarcerated.  *Id.*

---

[5]      R. Doc. 321 at 2.
[6]      R. Doc. 608.

Defendant filed his petition from the federal penitentiary in Beaumont, Texas,[7] which is in the Eastern District of Texas. Therefore, the Court finds that it does not have jurisdiction to afford defendant the relief he seeks. Additionally, the petition is not properly before this Court because Taylor has not shown that he has exhausted his administrative remedies as required under 18 U.S.C. § 3585(b). *See United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("[A] necessary condition to obtaining § 3585(b) credit is that the offender must first exhaust his administrative remedies before the Bureau of Prisons." (citing *United States v. Wilson*, 503 U.S. 329, 335 (1992))).

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Taylor's motion.

New Orleans, Louisiana, this __13th__ day of July, 2018.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[7] R. Doc. 608 at 2.